UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTINA RIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-276 RM |
| | ) | |
| INDIANA UNIVERSITY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

This case arises out of a complaint alleging employment discrimination filed by Plaintiff, Christina Rios, on April 27, 2004. On July 22, 2005, Plaintiff filed an emergency motion to quash Defendants' subpoenas directed to Plaintiff's potential employers. For the following reasons, Plaintiff's motion [Doc. No. 45] is **DENIED**.

**I.    RELEVANT BACKGROUND**

Plaintiff filed this action on April 27, 2004, alleging various violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. On September 23, 2004, this Court issued a scheduling order that established various deadlines governing this case. Pursuant to the September 23, 2004 scheduling order, all discovery in this case was to be completed by February 15, 2005. In addition, the scheduling order directed parties to supplement their discovery as required by Fed. R. Civ. P. 26(e) every six weeks until trial.

In an attempt to ascertain Plaintiff's efforts to mitigate her damages, Defendants served Plaintiff with a request for production which specifically requested "all documents evidencing Plaintiff's efforts to mitigate her damages, including any documents evidencing her efforts to obtain new employment such as employment applications she has completed." (Def. Resp. pg.

5). Defendants recently learned that Plaintiff had secured new employment with Lamar University in Texas. Plaintiff did not provide this new information to Defendants, nor did she supplement her discovery responses to illustrate that she had sought employment with Lamar University. Rather, Defendant acquired this information through independent discovery. In addition, Plaintiff apparently contacted Florida State University about employment, but did not disclose the information to Defendants.

Based upon the newly acquired evidence, Defendants issued third party subpoenas for Lamar University and Florida State University on July 18, 2005, more than five months after the close of discovery. The subpoenas were issued by district courts for the Eastern District of Texas and the Northern District of Florida, respectively, and requested that the third parties produce copies of various documents.

On July 22, 2005, Plaintiff filed an emergency motion to quash Defendants' subpoenas directed to Plaintiff's potential employers. Plaintiff asserts that Defendants should not be allowed to conduct this discovery because discovery closed five months ago. Furthermore, Plaintiff argues that the requests are unduly burdensome on the third parties and could potentially influence Plaintiff's ability to either obtain a position or tenure with another university. Plaintiff also contends that Defendants should have contacted her before initiating this discovery because she was involved in sensitive employment negotiations.

In Defendants' response, they assert that Plaintiff violated the Federal Rules of Civil Procedure by not disclosing this new information by way of supplementing her disclosures and discovery responses. Furthermore, Defendants contend that Plaintiff has not fully complied with

this Court's local rules regarding discovery disputes.  This Court may rule on Plaintiff's emergency motion pursuant to its referral order and 28 U.S.C. 636(b)(1)(A).

## II.   APPLICABLE LAW AND ANALYSIS

After reviewing Plaintiff's emergency motion, this Court finds that Plaintiff's motion should be denied for three reasons.  First, Fed. R. Civ. P. 45(c)(3)(A) states that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena...."  Although the case is pending in this Court, since the production of documents would not take place in this district, this Court would not have had the jurisdiction to issue the third party subpoenas in this case.  Therefore, Defendants appropriately served third party subpoenas that were issued by the Eastern District of Texas and the Northern District of Florida.  Thus, because this Court is not the "court by which a subpoena was issued," there is a question under Rule 45 as to whether this Court has the authority to quash the subpoenas.

In addition, although Defendants served their subpoenas more than five months after the close of discovery, it appears that Defendants' delay was caused by Plaintiff's failure to abide by Fed. R. Civ. P. 26(e).  Rule 26(e) requires a party to supplement her discovery responses if the responses become incomplete.  Furthermore, this Court's September 23, 2004 scheduling order directed parties to supplement their discovery every six weeks until trial.  Although Plaintiff had apparently contacted Lamar University and Florida State University about employment opportunities, an issue which was directly raised in Defendants' requests for production, Plaintiff never amended her discovery responses to illustrate these communications.

In her reply, Plaintiff acknowledges the scheduling order, but states that her new position "will be described for purposes of Rule 26(a) substantially less than six weeks hence, after the

occurrence of what should have been her *pro forma* confirmation of her employment contract by the Texas Board of Regents." From this statement it appears that Plaintiff was planning on supplementing the discovery responses, but only after final confirmation of Plaintiff's employment. While this Court understands Plaintiff's desire to keep her employment negotiations as confidential as possible so as to not interfere with employment negotiations, Plaintiff cannot avoid her duty to supplement the record. Plaintiff has been in contact with Lamar University for more than six weeks, and thus, should have provided the supplementation as required by the scheduling order. Plaintiff cannot choose when she is going to supplement the record, especially since this case is late in the litigation process. Although this Court does not encourage the belated discovery that Defendants have undertaken, Defendants' actions were not completely unreasonable under the circumstances. If Plaintiff had been more forthcoming in providing information, it is possible that the parties could have worked out an agreement so Defendants would not have had to serve the belated subpoenas.

Finally, Plaintiff has not complied with this Court's local rules. In this district, every motion concerning discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party opposing the motion in an effort to resolve the matter without court action. N.D. L.R. 37.1(b). Local Rule 37.1 requires that "the certification . . .be made in a separate document filed contemporaneously with the motion." N.D. L.R. 37.1(c). This Court "may deny any motion. . . if the required certification is not filed." Id. Local Rule 37.1 is more than a procedural hurdle over which litigants must jump before bringing their disputes to court. The rule mandates that parties actually confer in good faith in an attempt to resolve discovery disputes before filing a motion with this Court. Plaintiff did not include a

contemporaneous discovery certification with her motion.  Thus, Plaintiff's non-compliance with this Court's local rules is sufficient grounds to deny Plaintiff's motion.

### III.    CONCLUSION

For the aforementioned reasons, Plaintiff's emergency motion to quash Defendants' subpoenas directed to Plaintiff's potential employers [Doc. No. 45] is **DENIED**.

**SO ORDERED.**

Dated this 28th Day of July, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
